Tyler Wirick, SBAND #10014
HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886
Fax: 801-328-9714
Email: tylerw@hwmlawfirm.com
File No: ND21687
Attorneys for Fifth Third Bank, N.A.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| In re: | Chapter 7 |
|---|---|
| MARCUS WAYNE HANSON AKA MARC HANSON AND KATHRYN BROOKE HANSON AKA KATIE HANSON | Case No. 24-30287 SH |
| Debtors. | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY (VEHICLE)

Fifth Third Bank, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay with respect to that certain secured property named in this Motion. In support of this Motion, Movant respectfully states:

1) A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtors on July 8, 2024.

2) Movant is a secured creditor and Movant claims a security interest in the following described property (the "Vehicle"):

>   Year: 2016
>   Make and Model: Thunderjet Luxor
>   VIN: AHQ10019A616
>
>   Year: 2016
>   Make and Model: Mercury Verado
>   VIN: 2B201941

3) The Debtor, Marcus Wayne Hanson, executed and delivered or is otherwise obligated with respect to that certain Simple Interest Note and Security Agreement dated March 8, 2022 (the "Contract"). A copy of the Contract is attached hereto as Exhibit "A".

4) To secure payment under the Contract, a lien was placed on the Confirmation of Lien Perfection. A copy of the Confirmation of Lien Perfection is attached hereto as Exhibit "B".

5) As of July 29, 2024, the outstanding amount, less any partial payments, is $81,111.08.

6) Pursuant to the terms of the Contract, Debtors are obligated to make monthly payments to Movant. The following chart sets forth the number and amounts of payments owed by the Debtors that remain outstanding as of July 29, 2024:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 01/07/2023 | 01/07/2023 | $689.89 | $659.88 (*partial payment due*) |
| 18 | 02/07/2023 | 07/07/2024 | $689.89 | $12,418.02 |

TOTAL: **$13,077.90**

7) The average retail value of the Vehicle described above is approximately $47,950.00. The basis for such valuation is the NADA Guide. A copy of the NADA Guide for the Vehicle is attached as Exhibit "C".

8) Upon information and belief, the encumbrances on the Vehicle listed in the Schedules or otherwise known, including but not limited to, the encumbrances granted to Movant, are: (i) Movant ($81,111.08).

9) Movant is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) for the following reasons:

    a. The Debtors have failed to make monthly payments when due and the default continues to the present time; and

    b. The collateral is a Vehicle and, therefore, is a depreciating asset and Movant lacks adequate protection of its secured claim.

10) Movant is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2) for the following reasons:

    a. The Debtors do not have equity in the Vehicle. The value of the Vehicle is less than the value of Movant's lien plus any junior liens.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1) Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies under state and federal law, including obtaining possession of the Vehicle.

2) That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3) That the 14-day stay described in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived; and

4) For other such relief as the Court deems proper.

Dated August 14, 2024

HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886

/s/ Tyler S. Wirick
Tyler S. Wirick
Attorney for Fifth Third Bank, N.A.

Revised 11/2022

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In re: [Debtor Name]
Debtors.

Case No.

## LOAN HISTORY IN SUPPORT OF MOTION FOR RELIEF FROM STAY

Begin loan history *from the date of the first default* related to the current default amount that is claimed in the Motion.
*Use multiple pages if necessary*

| Date payment due | Date payment received | Date to which payment applied (mo/yr) | Amount rec'd from Debtor(s) | CHARGES ||||| 
|---|---|---|---|---|---|---|---|---|
| | | | | Monthly amount due: Principal + Interest | Monthly amount due: Escrow | Late Fees: | Other Charges* | Description of Charges* |
| 1/7/2023 | | | | $ 659.88 | | | | |
| 2/7/2023 | | | | $ 689.89 | | | | |
| 3/7/2023 | | | | $ 689.89 | | | | |
| 4/7/2023 | | | | $ 689.89 | | | | |
| 5/7/2023 | | | | $ 689.89 | | | | |
| 6/7/2023 | | | | $ 689.89 | | | | |
| 7/7/2023 | | | | $ 689.89 | | | | |
| 8/7/2023 | | | | $ 689.89 | | | | |
| 9/7/2023 | | | | $ 689.89 | | | | |
| 10/7/2023 | | | | $ 689.89 | | | | |
| 11/7/2023 | | | | $ 689.89 | | | | |
| 12/7/2023 | | | | $ 689.89 | | | | |
| 1/7/2024 | | | | $ 689.89 | | | | |
| 2/7/2024 | | | | $ 689.89 | | | | |
| 3/7/2024 | | | | $ 689.89 | | | | |
| 4/7/2024 | | | | $ 689.89 | | | | |
| 5/7/2024 | | | | $ 689.89 | | | | |
| 6/7/2024 | | | | $ 689.89 | | | | |
| 7/7/2024 | | | | $ 689.89 | | | | |
| **TOTALS:** | | | $ - | $ 13,077.90 | $ - | $ - | $ - | |
| | | | (a) | (b) | (c) | (d) | (e) | |

*Other charges must be described, itemized by amount and allowed under note and/or mortgage (inspections, appraisals, insurance, taxes, etc.)

| | |
|---|---|
| **Default amount claimed in the motion:** | $ 13,077.90 |
| Total amount due= ((b) + (c) + (d) + (e)) less amounts received from Debtor (a)) | $0.00 |
| *(must equal amount claimed in motion)* | $ 13,077.90 |
| **Attorneys' fees and filing fee for the motion,** | $449.00 |
| *(if allowed under note and/or mortgage and sought by movant to resolve motion)* | $ - |
| **Escrow balance:** | $ - |
| **Suspense account balance (amount of unapplied payments:)** | $ - |

# EXHIBIT A

FOR USE WITH APPLICATIONS FROM ALASKA, ARIZONA, ARKANSAS, CALIFORNIA, CONNECTICUT, DELAWARE, FLORIDA, HAWAII, ILLINOIS, KENTUCKY, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSISSIPPI, MONTANA, NEBRASKA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH DAKOTA, OHIO, OREGON, PENNSYLVANIA, RHODE ISLAND, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, TEXAS, VERMONT, VIRGINIA, OR WEST VIRGINIA

## FIFTH THIRD BANK
## SIMPLE INTEREST NOTE
## AND SECURITY AGREEMENT
### This is a consumer credit transaction.

### CONSUMER NOTE

| Borrower: Name and Address | Co-Borrower: Name and Address |
|---|---|
| MARCUS WAYNE HANSON<br>20988 WILLCHARD DRIVE<br>THIEF RIVER FALLS, MN 56701 | |

**Meaning of Words.** This agreement is a simple interest note and security agreement (the "Note"). In this Note, the words "you," "your," and "yours" refer to the Borrower and Co-Borrower. The words "we," "us," "our," and "Lender" refer to Fifth Third Bank, a national banking association with its principal address at 38 Fountain Square Plaza Cincinnati Ohio 45263, and its assignees. The word "Property" refers to the Property described below. Fifth Third Bank, and not the seller of the Property ("Seller"), is the Lender in this transaction.

**Description of Property.** As security for this loan, you are giving Lender a purchase money security interest in the following Property, which you represent will be used only for recreational purposes and not as a dwelling or residence, and all additions and attachments:

| NEW/USED | YEAR MAKE MODEL | BODY / HULL TYPE | SERIAL NO./VIN |
|---|---|---|---|
| Used | 2016 THUNDERJET LUXOR | 21 | AHQ10019A616 |
| Used | 2016 MERCURY VERADO | OUTBOARD | 2B201941 |

**Promise to Pay.** You promise to pay to us or our order the principal sum identified below as the "Amount Financed" (U.S. Dollars) plus interest at the simple annual interest rate of 7.74 % ("Interest Rate"). You promise to make payments in accordance with the "Payment Schedule" below. You promise to make payments on or before the same day of each month as the first payment due date. Payments and other credits will be applied as required by law. You promise to pay all other amounts that may become due under the terms of this Note. Each person who signs this Note as Borrower or Co-Borrower is individually liable for the sums owed under this Note.

### TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 7.740 % | $ 50,842.32 | $ 73,337.88 | $ 124,180.20 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Each Payment | When Payments Are Due | Or As Follows |
|---|---|---|---|
| 180 | 689.89 | Monthly, Beginning on 4/7/2022 | |
| N/A | N/A | NOT APPLICABLE | |

**Late Charge.** If a payment is not paid in full within 10 days after it is due, you will pay a late charge of the greater of $30 or 5% of the unpaid amount of the late payment.

**Prepayment.** You may prepay all or any portion of your debt under this Note at any time without penalty.

**Security Interest.** You are giving a security interest in the Property being purchased.

**Additional Information.** Please read this contract, including the reverse side, for additional information about security interests, non-payment, default, penalties, prepayment refunds, and any required repayment in full before the scheduled date.

### ITEMIZATION OF THE AMOUNT FINANCED:

You authorize us to pay the proceeds of your loan with us as follows: (Seller name and address)
To John & Dawn Rosario, 289th St. S., Roy, WA 98580　　　　　　　　　　$ 73,337.88

Amount Financed ............................................................................................... 73,337.88

Page 1 of 8

YOUR TRANSACTION WITH THE SELLER IS SUMMARIZED AS FOLLOWS:

| | |
|---|---|
| Cash Price of Property | $ 74,495.00 |
| Cash Down Payment | ($ 10,000.00) |
| Net Trade-in Allowance | ($ 0.00) |
| Subtotal | $ 64,495.00 |
| Public Official Fees | |
| License Fee | $ 0.00 |
| Certificate of Title Fee | $ 795.00 |
| Registration Fee | $ 165.35 |
| Taxes | $ 5,121.53 |
| Florida State Documentary Stamp Tax | $ 0.00 |
| To N/A for N/A | $ 0.00 |
| Subtotal | $ 70,576.88 |

Third Party Fees (Seller may retain or receive a portion of these amounts)

| | |
|---|---|
| To PROTECTIVE for Vehicle Service Contract | $ 2,536.00 |
| To Seller for Documentation Fee | $ 225.00 |
| To N/A for N/A | $ 0.00 |
| Subtotal | $ 73,337.88 |
| Total | $ 73,337.88 |

**IMPORTANT: THE TERMS AND CONDITIONS ON ALL PAGES SIDE OF THIS DOCUMENT ARE PART OF THIS NOTE. READ THESE TERMS AND CONDITIONS BEFORE SIGNING BELOW.**

By initialing below, you acknowledge that you have been informed of the rate and term.

Annual Percentage Rate % ___7.740___      Borrower (and any Co-Borrower) Initials ___

Term (mos.) ___180___      Borrower (and any Co-Borrower) Initials ___

BORROWER: ___      DATE: 03/08/2022

CO-BORROWER: ___      DATE: N/A

If you reside in the State of Nebraska as shown on the first page of this Note, then the following applies: A credit agreement must be in writing to be enforceable under Nebraska law. To protect you and us from any misunderstandings or disappointments, any contract, promise, undertaking, or offer to forebear repayment of money or to make any other financial accommodation in connection with this loan of money or grant or extension of credit, or any amendment of, cancellation of, waiver of, or substitution for any or all of the terms or provisions of any instrument or document executed in connection with this loan of money or grant or extension of credit, must be in writing to be effective.

If you reside in the State of Texas as shown on the first page of this Note, then the following applies: This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

Residents of all other states: This Note is a final expression of the agreement between you and us. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

NOTICE TO BORROWER
1. DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. (READ BOTH SIDES.)
2. YOU ARE ENTITLED TO AN EXACT COPY OF THE NOTE YOU SIGN.
3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
4. YOU, THE BORROWER, ACKNOWLEDGE THAT YOU HAVE RECEIVED, AT THE TIME OF EXECUTION, A FULLY COMPLETED COPY OF THIS NOTE.

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES

BORROWER: ✓ [signature]  DATE: 03/08/2022
CO-BORROWER: _____  DATE: N/A

## OTHER IMPORTANT PROVISIONS

**Location of Property.** You will notify the Lender immediately in writing of any change in your address or the address where the Property is regularly located.

**Payment.** Time is of the essence in this Note. You agree to promptly pay us all you owe under this Note even if the Property is damaged, destroyed, missing, or uninsured. Any payment amount that you remit shall be applied in the manner stated on the front side hereof, with all other charges, if any (including without limitation all charges for repair bills, storage bills, taxes, assessments, fees, fines, and other charges on the Property which we pay), due upon demand or upon termination of this Note or as we otherwise designate. Acceptance by us of partial payments shall not modify the terms of this Note and shall not constitute a waiver of any subsequent default.

**Florida Documentary Stamp Tax.** If you reside in the State of Florida as shown on the first page of this Note, Florida documentary stamp tax required by law in the amount of $0.00 has been paid or will be paid directly to the Department of Revenue. Certificate of Registration No. _____

**Prepayment.** You may prepay this Note in full or in part at any time without penalty. Since the unpaid balance does not include any unearned interest, no refund of interest is required, and none will be given.

**Ownership and Risk of Loss.** You agree that you will take the following action to protect the Lender's security under this Note: (a) maintain the Property in good condition; (b) keep the property principally at the address you have designated on the front side hereof, and notify us before you begin to keep the Property principally at another location; (c) pay all taxes, fees, fines, bills, and any other charges assessed or levied against the Property; (d) notify us immediately if any authority impounds the Property; (e) not expose the Property to misuse or confiscation; (f) not permit the Property to be used for hire or permit the Property to be used illegally or contrary to the terms of this Note or the insurance policies required by this Note; (g) not register the Property in another State without our prior written consent; (h) not take the Property outside the United States without our prior written consent; (i) not sell, transfer, or assign your right, title, or interest in the Property without our prior written consent, and (j) not allow any lien, encumbrance, or security interest against the Property other than ours without our prior written consent.

**Security Interest.** You hereby grant us a security interest in the Property and in all accessories, equipment, and replacement parts installed in the Property. This security interest also covers: (a) insurance premiums and charges for service contracts financed with the proceeds of this Note; (b) proceeds of any insurance policies or service contracts covering the Property; and (c) proceeds of any sale of the Property. This secures payment of all amounts you owe under this Note and in any transfer, renewal, extension, modification, refinancing or assignment of this Note. It also secures your other agreements in this Note. To the extent permitted by applicable law and excluding New Jersey, you authorize us as your attorney-in-fact to sign your name on any documents necessary to properly record and perfect our security interest should you fail to do so.

**Required Physical Damage Insurance.** You agree to keep the Property insured at your own expense against all loss or damage with a deductible not greater than $500. Such insurance must be for not less than the actual cash value of the Property, and in the event of the Property's total loss resulting in an insurance settlement for less than the total outstanding balance under this Note (including principal, interest, and any other charges), you will be liable to us for the difference. You may obtain such insurance from any company you choose, except that we reserve the right to refuse, for reasonable cause, any insurance that you offer. The physical damage insurance must name the Lender as loss payee and must require at least 10 days advance written notice to the Lender before any cancellation or reduction in the insurance coverage. You authorize us as your attorney-in-fact to endorse your name on any check we receive for insurance proceeds, to the extent permitted by law. If you reside in the State of Texas as shown on the first page of this Note, you may furnish the required insurance coverage through an insurance policy that is in existence and that is owned or controlled by the borrower or an insurance policy obtained from an insurance company authorized to do business in Texas.

**Late Charge.** You will pay a late charge on the unpaid amount of each payment that is not received by us within ten (10) days late. The charge is shown on the front of this Note. Acceptance of a late payment or late charge does not mean that you can keep making payments later than the due date. We may also exercise any other remedies available to us under this Note.

**Events of Default.** Any of the following constitutes a default under this Note, but only as permitted by applicable law: (a) we do not receive any payment when due (subject to any required state requirements on cure periods) or (b) the prospect of payment, performance, or realization of collateral is significantly impaired. We will, to the extent permitted by applicable law, deem the prospect of payment, performance, or realization of collateral is significantly impaired if (i) you fail to perform any obligation under this Note or any other agreement with us; (ii) any information furnished in connection with this Note proves to have been false or materially misleading; (iii) you sell or transfer your interest in the Property; (iv) any proceeding is commenced or petition filed under any bankruptcy or insolvency law by or against you; (v) you die or become incompetent or incapacitated; (vi) the Property is levied upon or seized under any legal process; (vii) the Property is lost, stolen, or suffers substantial damage; (viii) you fail to maintain insurance on the Property in accordance with this Note; or (ix) you use the Property as a residence.

**Rights and Remedies upon Default.** If you default under this Note, we can demand that you pay all you owe on this Note after we provide you with any right to cure such default and/or the expiration of any required time period in accordance with applicable state law. If you default, we shall, to the extent required by applicable law, give you notice that we intend to demand or are demanding that you pay all that you owe at once. You agree that our acceptance of late payments does not prohibit us from repossessing the Property as a consequence of subsequent late payments. We also, subject to applicable law, will have all rights, options, and remedies of a secured party under applicable laws, and under this Note, including without limitation the following: (a) you must deliver the Property to us if we so direct, (b) with or without demanding delivery from you, and with or without resorting to legal process, we may

repossess the Property and to do so we may peacefully and lawfully enter upon the property where the Property is kept; (c) you authorize us, at our option and without obligation to do so, to make or have made any repairs that we deem desirable; (d) you authorize us, at our option without obligation to do so, to pay repair or storage bills, taxes, fees, fines or other charges on the Property, and you agree that we may, at our option, receive from you full reimbursement upon demand; and (e) if there is any personal property in the Property at the time we take possession of the Property, we will store it for you for a reasonable time. Unless required by applicable law, we will not notify you of our intention to repossess the Property. You acknowledge an express intent to grant a security interest in the property and hereby waive and abandon, to the extent permitted by law, all personal property exemptions granted upon the Property, which is the subject of this Note. NOTICE: BY GIVING US A SECURITY INTEREST IN THE PROPERTY, YOU WAIVE, TO THE EXTENT PERMITTED BY LAW, ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH PROPERTY EXEMPT FROM PROCESS. If you reside in the State of Arizona as shown on the first page of this Note, then the following applies: It is unlawful to fail to return a motor vehicle subject to a security interest within 30 days after receiving notice of default. A notice of default may be mailed to the address on the contract. It is the responsibility of the owner to keep the listed address current. Assuming you have no prior felony convictions, the maximum penalty for failure to return a motor vehicle subject to a security interest is 1.5 years in prison and a $150,000 fine.

**Attorney Fees, Court and Collection Costs.** Except as otherwise provided in this section, you will pay all reasonable costs we incur to collect what you owe, including reasonable attorney fees, court costs, and collection costs, subject to any restrictions imposed under applicable law. However, if your residence as shown on the first page of this Note is in: (a) Ohio or North Dakota, then no attorneys' fees will be imposed; (b) Massachusetts, neither attorney fees and collection costs will be imposed, unless awarded by a court of competent jurisdiction; (c) New Hampshire, If you prevail in any action, suit or proceeding you bring or in an action we bring, reasonable attorneys' fees will be awarded to you. If your residence as shown on the first page of this Note is in New Jersey, notwithstanding any provisions in this Note to the contrary, any collection costs you must pay will be limited to: (1) court costs, reasonable attorney's fees and expenses of repossession and storing goods where so authorized by law; and (2) reasonable collection costs we incur, not to exceed 20% of the first $500.00 of the amount in default, 10% of the amount over $500.00 up to $2,000.00, and 5% of any amount in excess of $2,000.00, provided we file an action for collection of the amount in default. For New Jersey residents, in other respects, this Note is fully enforceable except that: (1) the attorney-in-fact provision does not apply to New Jersey residents; (2) provisions specifically applicable to residents of another state apply only to residents of those states and not to New Jersey residents; and (3) safe harbor clauses in this Note referencing applicable state law refer to the laws of the State of New Jersey to the extent that the laws of the State of Ohio do not apply. If you successfully assert a partial defense, setoff, recoupment or counterclaim to an action brought by us, the court may withhold from us the entire amount or such portion of the attorney's fees as the court deems appropriate.

**Returned Payment Handling Charge.** We may assess a charge not exceeding $20 for each payment instrument you present to us which is dishonored or returned to us for any reason.

**Sale of Repossessed Property.** If we send you a written notice of sale at least fifteen (15) days before selling the repossessed Property, you agree that the notice will have been sent within a reasonable time of the sale. If you do not redeem the Property by the date on the notice, we can sell the Property. The sale proceeds, less (to the extent permitted by applicable law) our costs and expenses related to taking the Property, holding it, preparing it for sale and selling the Property and any permissible attorney fees and court costs as identified in the Attorney Fees, Court and Collection Costs section above, will be used to pay the amount you owe on this Note. If you reside in the State of Massachusetts as shown on the first page of this Note, your deficiency balance will be computed in accordance with Massachusetts law. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Note and costs, you will pay what is still owed to us, to the extent allowed by law. If you do not pay this amount when asked, you may also be charged interest at the Interest Rate, not to exceed the highest lawful rate, until you pay all amounts due under this Note.

**General.** This Note shall be governed by and construed in accordance with Federal law and the laws of the state of your residence as shown on the first page of this Note except that for matters relating to interest (as defined by Federal law), the laws of the State of Ohio and Federal law shall apply. If you reside in the State of Maryland as shown on the first page of this Note, then this Note shall be governed by and construed in accordance with the laws of the State of Ohio and Federal law, but matters not governed by federal law and the law of Ohio shall be governed by the law of Maryland, particularly Title 12, Subtitle 10 of the Maryland Commercial Law Article. Any provision hereof held by a court to be invalid shall not affect the remainder of this Note. Waiver of any particular instance of default shall not constitute a waiver of any subsequent default. The obligations of all persons signing this Note as borrowers or co-borrowers are joint and several. You may not assign this Note except with our prior written consent, and subject to the foregoing this Note shall be binding upon the heirs, personal representatives, successors, and assigns of the parties hereto. Unless otherwise required by applicable law, any written notice that we are obligated to send you hereunder shall be sufficient if sent by regular mail, postage prepaid, to your address shown on the front side hereof (or any more recent address if you have advised us of such in writing). We do not have to repossess the Property or exercise any of our other rights before collecting from you. You waive demand, presentment, protest, notice of dishonor and notice of protest to the extent permitted by law. This Note constitutes the entire agreement between you and us and may not be altered or amended except by a writing signed by both you and us. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Interest after Maturity.** To the extent permitted by applicable law, you further agree to pay interest at the Interest Rate, not to exceed the highest lawful rate, on any amounts which remain unpaid after the maturity of this Note, either by lapse of time or by acceleration, or upon judgment in a court of law.

**Notice of Limited Agency.** This Note is a direct loan from us to you. For your convenience, we have asked the Seller of the Property you are purchasing with the proceeds of this Note to prepare and obtain your signature on this Note. Seller has no authority to approve or make this Note. Seller is not our agent in connection with the sale of the Property or in connection with any down payment or trade-in arrangements or for any purpose whatsoever other than for preparing and obtaining your signature on this Note. No employee or agent of Seller is authorized to make any promises or agreements with you about this Note. No oral or written promises or agreements between you and Seller about this Note are enforceable. Any representations, promises, or agreements between you and Seller in connection with the Property or any down payment or other matter in connection with the purchase must be resolved between you and Seller. If you have any questions about Seller's authority in connection with this Note, please contact us at the address on the front side of this Note.

**Credit Reporting.** You understand that the Lender may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Electronic Records and Signatures.** You agree to use electronic records and electronic signatures to document this Note. Your electronic signatures on electronic records will have the same effect as signatures on paper documents. We may designate one authoritative copy of this Note. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

**Notice to Active Duty Servicemembers and Dependents.** Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

You can call us toll free at 877-899-0815 for a disclosure of (i) a statement of the Military Annual Percentage Rate, and (ii) your payment obligations (payment schedule) applicable to this extension of credit.

**Covered Borrower Savings Clause.** The provisions of this section apply only to a "Covered Borrower" as that term is defined by 32 C.F.R. § 232.3(g). If any contract provision not identified herein is contrary to the rights and protections afforded to me by Federal law pursuant to 10 U.S.C. § 987 and its implementing regulations, including, but not limited to 32 C.F.R. § 232.8, then the conflicting provisions or proscribed terms are inoperative, and shall have no force and effect. However, all remaining contract terms and provisions not proscribed or prohibited shall remain in full force and effect.

**IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.**

---

**ARBITRATION**
*THE PROVISIONS OF THIS SECTION ARE NOT APPLICABLE TO BORROWERS WHO ARE COVERED BORROWERS UNDER THE MILITARY LENDING ACT.*

YOU ACKNOWLEDGE THAT THIS NOTE CONTAINS AN ARBITRATION CLAUSE ON THE REVERSE SIDE, AND THAT YOU HAVE READ THE CLAUSE AND UNDERSTAND AND AGREE TO IT (Initials _____).

**ARBITRATION.** Either you or we may choose to have any dispute arising under this Note resolved by binding arbitration under the rules then in effect of the American Arbitration Association ("AAA") or any other arbitration organization you choose and that we approve in writing ("the Arbitration Organization"). The arbitration shall be conducted under the then current rules of the Arbitration Organization and is governed by the Federal Arbitration Act. Either of us may elect to arbitrate even if an action has been filed in court, so long as no judgment has been rendered; provided however, that we will not elect to arbitrate any individual claim (as opposed to any class action claim), not including any counter-claims, you bring against us with a total amount in controversy of $10,000 or less. A single arbitrator shall hold the arbitration hearing at a location near where you signed this Note (or, if you have since moved, in the federal judicial district where you live). The arbitrator shall apply applicable law. The arbitrator's award shall be final and binding on all parties, except that in the event of an award in excess of $100,000, the non-prevailing party may request a new arbitration under Arbitration Organization's rules by a three-arbitrator panel. Either party may enter judgment on the award in the highest local, state or federal court or before any administrative body. We agree to pay any initial filing fee you may owe should you choose to arbitrate. Additionally, we agree for only the first day of arbitration to pay the following fees up to a maximum of $2500 in the aggregate: the arbitrator's fee, those reasonable arbitration expenses or costs (excluding attorney fees) assessed to you that you would not pay if you had brought a dispute in court, and any other reasonable expense or cost unique to the arbitration process. We will also pay other amounts an arbitrator determines that we must pay in order to assure the enforceability of this arbitration provision. This arbitration provision shall survive termination or expiration of this Note. NO CLASS ACTION ARBITRATION MAY BE BROUGHT OR ORDERED UNDER THIS ARBITRATION PROVISION AND THERE SHALL BE NO JOINDER OF PARTIES, EXCEPT FOR JOINDER OF PARTIES TO THIS NOTE. IF EITHER YOU OR WE CHOOSE TO ARBITRATE, THE FOLLOWING WARNINGS APPLY: ALL

DISPUTES BETWEEN YOU AND US WILL BE RESOLVED BY BINDING ARBITRATION; YOU WILL GIVE UP THE RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL; YOUR ABILITY TO COMPEL OTHER PARTIES TO PRODUCE DOCUMENTS OR BE EXAMINED WILL BE MORE LIMITED IN ARBITRATION THAN IN A LAWSUIT; AND, YOUR RIGHTS TO APPEAL OR CHANGE AN ARBITRATION AWARD IN COURT WILL BE VERY LIMITED. You and we agree that this Note evidences a transaction in interstate commerce. This Arbitration provision is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. and not by any state arbitration law.

If you don't want this arbitration provision to apply, you may reject it by mailing us at 6111 North River Road, GRSM79 – ATTN: Indirect Specialty Products, Rosemont, IL 60018 a written rejection notice which identifies this Note and tells us that you are rejecting this arbitration provision. A rejection notice is effective only if it is signed by the borrower and all co-borrowers and cosigners and the envelope the rejection is sent in has a postmark of 14 days or less after the date of this Note. The rejection of this arbitration provision will not affect any other provision of this Note or the status of your Note. If you don't reject this arbitration provision, it will be effective as of the date of this Note.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

# EXHIBIT B



**DEPARTMENT OF NATURAL RESOURCES**
Division of Fish and Wildlife / License Center
500 Lafayette Road
St Paul, MN 55155-4026

Presorted
First Class Mail
U S Postage
Paid
Permit No 171
Twin Cities MN

**RETAIN THIS DOCUMENT** – See reverse side of this form for removing this lien

**CONFIRMATION OF LIEN PERFECTION – DEBTOR NAME AND ADDRESS**

MARCUS WAYNE HANSON
20988 WILLCHARD DR
THIEF RIVER FALLS MN 56701

| Year | Make | Model | Length |
|---|---|---|---|
| 2016 | THUNDER JET | LUXOR 21 | 021 00 |

| HIN | Title No. | Registration No. | Security Date |
|---|---|---|---|
| ▓▓▓ | ▓▓▓ | ▓▓▓ | 2022-03-31 |

FIFTH THIRD BANK
PO BOX 674
WILMINGTON OH 45177-0674




# STATE OF MINNESOTA
## DEPARTMENT OF NATURAL RESOURCES

## CERTIFICATE OF LIEN RELEASE TO A WATERCRAFT

This security interest is hereby released on _____
                                                  Date

x _____     _____
  Signature of Authorized Agent                    Title

## IMPORTANT— DO NOT DESTROY

This Certificate of Lien Release must be attached to the original certificate of Title to establish clear ownership

# EXHIBIT C

| | |
|---|---|
| **Vehicle Type** | Power Boats |
| **Manufacturer** | Thunder Jet Boats |
| **Year** | 2016 |
| **Model** | LUXOR/RB |
| **Length** | 20' |
| **Boat Type** | Jet Drive Boats |
| **Hull Material** | Aluminum |
| **Beam** | 7' 6" |
| **Engine** | 1 - 320 HP - Gasoline |
| **Net Weight** | 2400 |
| **Reference Number:** | AHQ10019A616 |

| | Suggested List | Used Trade-In | Average Retail | High Retail |
|---|---|---|---|---|
| **BASE PRICE** | $59,950 | $38,780 | $47,950 | $52,210 |
| **TOTAL PRICE** | $59,950 | $38,780 | $47,950 | $52,210 |

Select your engine size if different than the included engine size below. Quantity of the engines is already included.

(#) For 1993-1997 model years include 7.4L (300 HP) Mercruiser engine

(##) Use your engine's horsepower rating.

**Manufacturer Note:**
No further weight information available. All values include the trailer.

**Salt Water Note:**
Research indicates that boats exclusively used in salt water, which are not maintained and cleansed with fresh water, may depreciate more rapidly. This could influence the book value by 10% to 15%.

**Suggested List**
We have included manufacturer's suggested retail pricing (MSRP) to assist in the financing, insuring and appraising of vessels. The MSRP is the manufacturer's and/or distributor's highest suggested retail price in the U.S.A. when the unit was new. The MSRP is furnished by the manufacturer and/or distributor and are assumed to be correct. Unless indicated, the MSRP does not include destination charges, dealer set-up, state or local taxes, license tags or insurance.

**Used Trade-In**
(Low Book) This column reflects the average trade-in value of a clean used boat "ready for resale". This may also be considered the low book value.

**Average Retail**
An average retail valued boat should be in good condition with no visible damage or defects. This boat will show moderate wear and tear and will be in sound running condition. The buyer may need to invest in either minor cosmetic or mechanical work.

**High Retail**

The high retail column reflects those boats in excellent condition. This boat will show very little wear and tear; and, has been meticulously maintained and/or restored.

**Brand New, Non Current:**

The Retail Values do not represent "brand new" non-current year vessels. Recent market research shows that "brand new" non-current models can increase the used value of an identical model by 6%-12%.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>MARCUS WAYNE HANSON AKA MARC HANSON AND KATHRYN BROOKE HANSON AKA KATIE HANSON<br><br>Debtors. | Chapter 7<br><br>Case No. 24-30287 SH |

## NOTICE OF OPPORTUNITY FOR HEARING

TO:   DEBTORS, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

YOU ARE HEREBY NOTIFIED that the annexed Motion for Relief from Automatic Stay has been filed by the firm of HALLIDAY, WATKINS & MANN, P.C., whose address is 376 East 400 South, Suite 300, Salt Lake City, UT 84111, as attorney for Fifth Third Bank, N.A.

YOU ARE HEREBY FURTHER NOTIFIED that, unless you or another party in interest files an objection in writing to the relief requested in the Motion, within fourteen (14) days after mailing of this notice, the relief requested may be granted without further notice or order of the Court, on or after said date.

YOU ARE HEREBY FURTHER NOTIFIED that, if an objection in writing to the relief requested in the Motion is timely filed, any party in interest may obtain a hearing on the Motion and the objection. An objection must be filed both with, the Clerk of the Bankruptcy Court, U.S. Courthouse 655 First Avenue North, Suite 201, Fargo, ND 58201, and with the attorney whose name is shown above.

Dated: August 14, 2024

HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886

/s/ Tyler S. Wirick
Tyler S. Wirick
Attorney for Fifth Third Bank, N.A.

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing NOTICE OF OPPORTUNITY FOR HEARING, annexed MOTION FOR RELIEF FROM AUTOMATIC STAY (VEHICLE) was mailed via first class mail with postage duly prepaid, on August 14, 2024, to the following persons:

Marcus Wayne Hanson
Kathryn Brooke Hanson
10160 Concord Drive
West Fargo, ND 58078
Debtors
U.S. Mail

Maurice VerStandig
1630 1st Avenue N
Suite B PMB 24
Fargo, ND 58102
Debtor Attorney
Electronic Service

Chapter 7 Trustee
Gene W Doeling
3429 Interstate Blvd. S.
PO Box 9231
Fargo, ND 58106-9231
Electronic Service

U.S. Trustee
United States Trustee (ND)
1015 US Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Electronic Service

Dated August 14, 2024                    HALLIDAY, WATKINS & MANN, P.C.
                                         376 East 400 South, Suite 300
                                         Salt Lake City, UT 84111
                                         Telephone: 801-355-2886

                                         /s/ Tyler S. Wirick
                                         Tyler S. Wirick
                                         Attorney for Fifth Third Bank, N.A.