## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No. 24-30287 |
| | ) | Chapter 7 |
| Marcus Wayne Hanson, | ) | |
| Kathryn Brooke Hanson, | ) | **BRIEF IN SUPPORT OF** |
| | ) | **TRUSTEE'S OBJECTION TO** |
| Debtors. | ) | **DEBTORS' CLAIM OF EXEMPTIONS** |
| | ) | |

Gene W. Doeling, attorney representing the bankruptcy trustee in this case, submits this brief in support of trustee's objection to debtors' claim of exemptions.

### **FACTS**

The debtors filed for Chapter 7 bankruptcy on July 8, 2024. The debtors list a homestead valued at $479,000, subject to a mortgage owed to Border Bank in the amount of $74,356. The debtors claim the homestead as exempt using the Minnesota homestead exemption, Minn. Stat. §§ 510.01, 510.02, claiming 100% of the fair market value of the house, up to any applicable statutory limit. The debtors moved to North Dakota from Minnesota and purchased this property on or about December 2023, and thus under 11 U.S.C. 522(b) the debtors use the Minnesota exemptions. The trustee has objected to the debtors' attempt to exempt all of the equity in the house, claiming that 522(p) limits the debtors' exemption.

The debtors also scheduled cash of $2,000, a Bell Bank checking account with $10.24, and three Border Bank checking accounts with no account numbers listed, one with a value of $1,307.04, one unknown value, and the third account having a scheduled balance of $525.48. The debtors seek to exempt the cash and bank balances under Minn. Stat. § 550.37 subd. 13 claiming an exemption of 100% of fair market value, up to any applicable statutory limit.

**LAW AND ARGUMENT**

The Federal Rules of Bankruptcy Procedure provide that "a party in interest may file an objection to the list of property claimed as exempt". Fed. R. Bankr. P. 4003(b)(1). The objecting party had the burden of proving the exemptions were not properly claimed by a preponderance of the evidence. In re Wenstrom, 2013 Bankr. LEXIS 332, *1 (Bankr. D. N.D. Jan 28, 2013) (citing Fed. R. Bankr. P. 4003(c)); See In re Slinger, 2017 Bankr. LEXIS 1014 (Bankr. D. N.D. Apr. 12. 2017).

**A. The Majority of Courts have Rejected the Debtor's Arguments that because North Dakota is an Opt-Out Jurisdiction, the Section 522(p) Cap Does Not Apply**

The debtors only cite one case in support of their lengthy argument that since the debtors were not allowed to elect state or federal exemptions, because North Dakota is an opt-out state, 11 U.S.C. § 522(p) does not apply. The debtors' cited case in support of their position is In re McNabb, 326 BR 785, 788 (Bankr. D. Ariz. 2005). This case out of Arizona appears to be the only case that has decided this issue in favor of the debtors' position, while there are numerous cases from other courts rejecting the McNabb holding.

Courts have more recently explained that the statutory cap under Section 522(p) applies to opt-out states. Kane v. Zions Bancorporation, N.A., 631 F. Supp. 3d 854, 865 (N.D. Cal. 2022); In re Oliver, 649 B.R. 206, 211 (Bankr. E.D. Cal. 2023). In Kane, the court explained that it is clear from the legislative history that "Congress intended for section 522(p) to close the loopholes allowing debtors to "shield their multi-million dollar homesteads" from reach". 631 F. Supp. 3d at 865. The court held that by "[a]llowing debtors in opt-out states to continue to do, as would be permitted under McNabb, directly counters this goal". Id. Therefore, Section 522(p)(1) imposes a limitation on the homestead exemption a debtor can claim regardless of the applicable state law exemptions. Id.; Caldwell v. Nelson (In re Caldwell), 545 B.R. 605, 609 (9th Cir. 2016).

McNabb is an outlier; other cases have not restricted the application of the statute in opt-out states.  See In re Leung, 356 B.R. 317, 320-321 (Bankr. D. Mass 2006); In re Rasmussen, 349 B.R. 747, 752 (Bankr. M.D. Fla. 2006); In re Summers, 344 B.R. 108 (Bankr. D. Ariz. 2006); In re Buonopane, 344 B.R. 675 (Bankr. M.D. Fla. 2006) ("subsection (p) of Section 522 of the Code applies in Florida, notwithstanding the fact that, in Florida, an individual has no right to elect between a federal and state election"); In re Landahl, 338 B.R. 920 (Bankr. M.D. Fla. 2006); In re Kane, 336 B.R. 477 (Bankr. D. Nev. 2006); In re Blair, 334 B.R. 374, 376 (Bankr. D. Tex. 2005); In re Virissimo, 332 B.R. 201 (Bankr. D. Nev. 2005) ("Whether or not a state allows the property which is set forth in 11 U.S.C. § 522(d) to be exempted, the debtor elects which exemptions to claim."); In re Wayrynen, 332 B.R. 479 (Bankr. S.D. Fla. 2005); In re Kaplan, 331 B.R. 483 (Bankr. S.D. Fla. 2005)

Although North Dakota is an opt-out state, a majority of cases in opt-out states have still applied the caps under Section 522(p), as discussed above.  Therefore, Section 522(p) is applicable and the debtors "may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of filing of the petition that exceeds in the aggregate $189,050 in value…"  11 U.S.C. § 522(p).  If the court decides that each debtor may exempt $189,050 under § 522(p) and § 522(m), the debtors will be limited to exempting $378,100, which is less than what the debtors' schedules seek to exempt.

**B. The Debtors Cannot Claim 100% Exemption of Earnings under Minn. Stat. § 550.37 subd. 13**

The debtors scheduled cash of $2,000, a Bell Bank checking account with $10.24, and three Border Bank checking accounts, one with a value of $1,307.04, one unknown value, and the third account having a scheduled balance of $525.48.  Unfortunately, because the debtors only provided the bank names, and did not provide any bank account numbers on their bankruptcy schedules, the

trustee is left to guess which account the debtors are referencing when they have multiple accounts held at the same bank. This is material, because some of the accounts held at the same bank may have wage deposits while others do not, and the debtors claim an exemption in all of the accounts. The debtors seek to exempt the cash and bank balances under Minn. Stat. § 550.37 subd. 13 claiming an exemption of 100% of fair market value, up to any applicable statutory limit. Subdivision 13 of § 550.37 is the exemption for earnings, and the statute does not provide for a 100% exemption of earnings, thus the trustee objects to the exemption claims in these assets to the extent it exceeds what the statute provides. See Minn. Stat. § 550.37(13) ("All earnings not subject to garnishment by the provisions of section 571.922. A subsequent attachment, garnishment, or levy of execution shall impound only that pay period's nonexempt disposable earnings not subject to a prior attachment, garnishment, or levy of execution, but in no instance shall more than an individual's total nonexempt disposable earnings in that pay period be subject to attachment, garnishment, or levy of execution."). The limitation under Minnesota statute 571.922 limits the garnishment to 25% of the debtor's disposable earnings, and under Minnesota statute 550.37 subdivision 13, exempt disposable earnings shall also be exempt for 20 days after deposit in any financial institution. The trustee objects to each of the debtor's exemption claims in cash and bank balances because the cash is not wages, and the bank balances, even if the source is wages, are not fully exempt under that exemption statute.

On the date of the bankruptcy filing, the debtors' accounts had balances as follows:

A statement from July 7, 2024 shows that Bell Bank Account #XXXX1594 had a balance of $841.92 on the date of filing. There was a wage deposit of $1,539.84 into this account on July 5, which falls within the 20 days prior to filing.

A statement from August 6, 2024 shows that Bell Bank Account #XXXX2642 had a balance of $2,194.05 on the date of filing. There were two wage deposits into this account on July 3 totaling $2,403.98, which falls within the 20 days prior to filing.

A statement from July 15, 2024 shows that Border Bank Account #XXXX2892 had a balance of $0 on the date of filing.

A statement from July 15, 2024 shows that Border Bank Account #XXXX6723 had a negative balance on the date of filing.

Transaction history from June 5 to July 12, 2024 shows that Border Bank Account #XXXX6798 had a negative balance on the date of filing.

## CONCLUSION

The trustee requests that his objection to the debtors' homestead exemption be sustained and the debtors be limited to an exemption claim in their homestead of $189,050 under 522(p).

Trustee also requests that the debtors' exemption in the $2,000 cash be disallowed, and that the exemption in the bank accounts be limited to 75% of the balance on the date of the bankruptcy filing attributed to wage deposits made during the 20-day period prior to the bankruptcy filing.

DATED:  October 8th, 2024　　　　　　　　　　/s/ Gene W. Doeling
　　　　　　　　　　　　　　　　　　　　　　　Gene W. Doeling (05078)
　　　　　　　　　　　　　　　　　　　　　　　KALER DOELING PLLP
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Trustee
　　　　　　　　　　　　　　　　　　　　　　　PO Box 9231
　　　　　　　　　　　　　　　　　　　　　　　Fargo, ND 58106-9231
　　　　　　　　　　　　　　　　　　　　　　　(701) 232-8757